# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVER PARK PROPERTIES II, a California Limited Partnership,<br><br>            Plaintiffs,<br>  v.<br><br>CARPENTERS LOCAL UNION NO. 701, and DOES 1-10, inclusive,<br><br>            Defendants. | 1:11-CV-1702 AWI DLB<br><br>ORDER REMANDING MATTER TO THE FRESNO COUNTY SUPERIOR COURT |

On October 12, 2011, Defendant removed this case on the basis of federal question jurisdiction.

*Background*

From the complaint, Plaintiff alleges that it owns real property in the City of Fresno, specifically it is the owner of a large shopping complex that is divided into three sections. Various retailers and business rent space in the shopping complex. The shopping complex is private property. Plaintiff alleges that it has no relationship or agreements with Defendant.

Plaintiff alleges that on October 4, 2011, members of the Defendant union engaged in noncommercial expressive activity, i.e. demonstrated against Plaintiff, at a farmer's market that was held by Plaintiff at the shopping complex. Members of the Defendant passed out fliers and stood by a large banner that read: "COMMUNITY ALERT: River Park Properties – CONTRIBUTING TO THE EROSION OF OUR LOCAL ECONOMY." Defendant apparently is protesting that Plaintiff's general contractor does not use the Defendant to conduct improvements and maintenance at the shopping complex. Plaintiff's property manager

approached the Defendant's members.  The property manager told the members that they were in violation of Plaintiff's Code of Conduct and that they were at the shopping complex without permission.[1]  The Defendant's members refused to leave at that time.  Defendant was the only participant of the farmer's market who did not follow the procedures outlined in the Code of Conduct.  That is, every other participant in the farmer's market filled out an application and abided by Plaintiff's rules.  Defendant demonstrated from 2:30 pm. to 6:30 p.m.

On October 7 and 9, 2011, members of Defendant again demonstrated at Plaintiff's property.  Defendants again did not follow the Code of Conduct or otherwise obtain permission.  Defendant was asked to leave Plaintiff's property, but again refused to leave when requested.  Instead, Defendant again left at 6:30 p.m.

On October 11, 2011, Plaintiff filed this lawsuit.  Plaintiff alleges a single state law cause of action for trespass.  Plaintiff alleges that Defendant refuses to fill out the proper applications and instead engages in expressive noncommercial activity without consent from Plaintiff.  Defendant refuses to leave when requested to do so.  Plaintiff prays for damages, punitive damages, a temporary restraining order and preliminary injunction that prohibits Defendant from noncommercial expressive activities, demonstrating and/or soliciting unless Defendant follows the Code of Conduct by filling out an application and obtaining approval from Plaintiff.[2]

In the notice of removal, Defendant contends that the complaint implicates 29 U.S.C. § 157, § 158 and § 187 and that the cause of action is completely preempted.

*Legal Standard*

28 U.S.C. § 1441(b) reads in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

---

[1] The Complaint indicates that Plaintiff has a Code of Conduct that provides for expressive noncommercial activity by members of the public, so long as the activity conforms to reasonable time, place, and manner restrictions. The Code establishes procedures, including an application form and deposits for clean-up, for members of the public to obtain permission to perform the expressive activity.

[2] In the notice of removal, Defendant included a motion by Plaintiff for a temporary restraining order (TRO). However, there was no file stamp on the TRO motion. Defendant indicated in the notice of removal that Plaintiffs intended to move for a TRO at 3:30 p.m. The notice of removal was filed in this Court at approximately 1:30 p.m. Given the representations made in the notice, as well as the absence of a filing stamp, no motion for a TRO appears to be pending in this Court.

laws of the United States shall be removable without regard to the citizenship or residence of the parties." A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, Inc., 375 F.3d at 838 (9th Cir. 2004); Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014; Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985). "A defense is not part of a plaintiff's pleaded statement of his

or her own claim." Dynegy, 375 F.3d at 838.  Accordingly, "a case may not be removed on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005).  "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan, 76 F.3d at 1485; see Valles, 410 F.3d at 1075. However, the "artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that although the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1041 (9th Cir. 2003).  A state created cause of action may be deemed to arise under federal law: "(1) where federal law completely preempts sate law; (2) where a claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation v. Dept. of Helath & Evntl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000).

*Discussion*

Defendant has not sufficiently shown that the Court has jurisdiction.  The only express cause of action asserted is one for trespass.  It has been recognized that trespass claims may be exempt from the preemptive force of the NLRA. See Sears, Roebuck & Co. v. Carpenters Dist. Council (San Diego County), 436 U.S. 180 (1978); Radcliffe v. Rainbow Constr. Co., 347 F.3d 1145 (9th Cir. 2001).  Moreover, preemption under § 7 and § 8 of the NLRA is not a basis for removal, see Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1397 (9th Cir.  1988), and it is § 8 that Defendant cites.

It is possible that some of the allegations in the complaint could be read to support a cause of action under 29 U.S.C. § 187, but such a reading is not required.  The complaint contains three sections: background, cause of action, and prayer.  Under the "cause of action"

section, there is a single cause of action that is expressly identified, and that is a cause of action for state law trespass. The basis for the trespass cause of action is that Defendant did not follow the Plaintiff's application process for obtaining permission to demonstrate or engage in "noncommercial expressive activity," and then refused to leave upon request. The complaint nowhere cites 29 U.S.C. § 187, nor does it indicate that there are other causes of action. All ambiguities are resolved against a finding of jurisdiction. Hunter 582 F.3d at 1042. As such, Defendant has not shown that Plaintiff is alleging a 29 U.S.C. § 187 claim. Cf. Caterpillar, 482 U.S. at 392; Hunter, 582 F.3d at 1042; Valles, 410 F.3d at 1075; Wayne, 294 F.3d at 1183; Sutter Health v. Unite Here, 2005 U.S. Dist. LEXIS 20892 (E.D. Cal. Aug. 10, 2005).

*Conclusion*

Defendant faces a difficult burden in order to properly remove a case from state court. As noted above, the strong presumption is against removal jurisdiction and, if there are any doubts, the complaint is construed against jurisdiction. See Geographic Expeditions, 599 F.3d at 1107; Duncan, 76 F.3d at 1485; Gaus, 980 F.2d at 566. Despite reliance on Section 8 of the NLRA, Sections 7 and 8 are not sufficient bases for removal. See Etheridge, 861 F.2d at 1397, 1405. While some of the complaint's allegations could be read as supporting a claim under 29 U.S.C. § 187, that is not the actual cause of action expressly pled, and ambiguities are resolved against removal and against jurisdiction.[3] See Hunter, 582 F.3d at 1042; Gaus, 980 F.2d at 566. As the complaint stands, there appears to be only a single state law claim for trespass. It is not clear that there is a federal question. This doubt is resolved against Defendant and against a finding of jurisdiction. See Geographic Expeditions, 599 F.3d at 1107; Hunter, 582 F.3d at 1042; Duncan, 76 F.3d at 1485; Gaus, 980 F.2d at 566. Because there has not been a sufficient showing of jurisdiction, the Court is under a mandatory duty to remand this case pursuant to 28 U.S.C. § 1447(c). See Dynegy, 375 F.3d at 838; Bruns, 122 F.3d at 1257; cf. Etheridge 861 F.2d at 1405.

---

[3] Additionally, it is noted that some courts have held that 29 U.S.C. § 187 has complete preemptive force. However, no Ninth Circuit or Supreme Court cases have been cited in support of this proposition. Without binding authority, this Court is left with doubts about its jurisdiction. Under binding Ninth Circuit law, those doubts are resolved against finding jurisdiction. See Geographic Expeditions, 599 F.3d at 1107; Duncan, 76 F.3d at 1485; Gaus, 980 F.2d at 566.

1 **ORDER**

2  Accordingly, IT IS HEREBY ORDERED that, because this Court lacks subject matter
3  jurisdiction, the Clerk shall REMAND this action forthwith to the Fresno County Superior Court
4  pursuant to 28 U.S.C. § 1447(c).
5  IT IS SO ORDERED.

6  Dated: October 14, 2011

7  _____
    CHIEF UNITED STATES DISTRICT JUDGE